Mr. Justice MacArthur
delivered the opinion of the court:
Upon reviewing the testimony in this case, the court are entirely satisfied with the decree annulling the bankrupt’s discharge. The fraud of the bankrupt in relation to his property is too clear for doubt or discussion.' He is shown to have possessed considerable property, of which he gives no rational account, no assets came to the hands of the assignee, and his wife, when interrogated as to how she came to have a large sum of money, refused to give any explanation. The traces of fraud are apparent upon the slightest examination of the evidence, and little or nothing need be said upon the subject.
Aside, however, from the order annulling the discharge being unexceptionable, there is no ground shown for sotting it aside. An objection to taking certain testimony had been certified to the court by the register for decision. That was the matter before the court. There had been no application for a rehearing or to set the decree aside for any cause. It was therefore irregular to vacate it. That decree had been made upon pleadings and proofs, and the case had been argued and determined. We know of no practice that would justify the court in setting aside a decree passed in this way without a showing of some kind, and upon due notice to the parties affected thereby. The order vacating the decree annulling the discharge must be reversed.
Mr. Justice Humphreys
delivered the following separate opinion:
I think there should be a change in both orders and decrees.
The decree setting aside the discharge was too harsh and severe, and was not authorized by the state of the proofs. The decree re-establishing the certificate of discharge may have been too hastily signed; surely the decree annulling the discharge was.
There had been a discharge after the ordinary proceedings in bankruptcy. This was a decree binding upon the world until set aside for some of the causes pointed out by the bank *326 rupt act. The cause alleged was fraud. It is a serious consideration whether any cause which might have been urged against an original discharge can be set up to annul one which has been granted. I do not think these questions were fully considered by the justice who passed upon the decrees which are now the subject of review. The present appellate decree, reversing the last unqualifiedly, of course sets up the former, and precludes any further investigation. The only thing gained by the creditor is that, in a suit at law or equity against the debtor, the creditor is not estopped by the planning and production of the certificate of discharge. This action here leaves no estate to be administered in bankruptcy. Nothing is settled in favor of the creditor, save a .naked claim against a bankrupt creditor without any assets. This decree does not establish the right of an assignee to the property in dispute; it only confirms the decree annulling the discharge, and leaves creditor and debtor to contend at law, and the creditor to seek the claimant also at law. The proper course would be to modify the two decrees, by reversing and holding for naught the last and suspending the decree annulling the discharge, and also suspending the certificate of discharge until the question was determined between the assignee and the claimant. The bankrupt act proceeds upon the theory, and expressly provides, that the debtor must settle fairly, though he pays nothing. The act has no sympathy with any manner of action except fair dealing • neither has the common law. A decree of discharge is of as much force as any other judgment, and is made by the act an absolute bar to any suit, except such causes as are specified in the act, and the same court that granted it can alone set it aside, and that on specified grounds. The alleged creditor in this suit has his suit at law against the property of the debtor, which suit is undetermined. This decree is premature, or, rather, the decree which the determination here sets up and establishes is premature. The creditor cannot go into both courts. If he had a judgment, he could rest upon that. The property in dispute must go to the assignee or to the creditor by virtue of a lien. The withholding the property levied upon by the attachment from the schedule of the debtor is one of the alleged causes of setting *327 aside the discharge. In this case the debtor alleges that the supposed creditor is a fraud ; that he has no claim against him which he of right can prosecute; that the subject-matter of the alleged claim is still in controversy in the courts of the State of New York.
There are no witnesses to the fact of notice or no notice, as far as that question can enter into this controversy, except the alleged creditor and debtor. Where the oath of the plaintiff, or actor, and the defendant, or the respondent, are opposed, and the circumstances growing out of the evidence leave the matter in equipoise, the respondent’s statement is to prevail. But the fact of the notice can have no effect, unless it could be shown that there was a fraudulent omission by the debtor.
The gravamen of the charge in this case is the withholding the saccharometers from assignee. There is a claimant to these. A suit of replevin is now pending. The issue has not beeu tried. If the claimant should get a verdict, then that verdict would establish, in law, that no fraud was committed, except that a debtor might be precluded from obtaining a discharge upon grounds which would not reach a bona fide purchaser. The two decrees of the j ustice holding the United States district branch of this court are therefore premature. There should be a reversal of the third decree, and a modification of the second, that is, the decree absolutely setting aside and annulling the decree of discharge; for we have not as yet properly arrived at the stage to determine that question. Section 21 of the bankrupt act, and the amendments thereto of 1864, might throw some light upon this case. We have, in the action taken in this branch of the court, gone ahead of and beyond the acts regulating the questions arising under the bankrupt proceedings. Creditor and debtor are both left by this determination to grope on in the road that leads to no definite point. This determination ascertains nothing which can benefit the alleged creditor or debtor, and without some specific directions the court below would be at a loss how to proceed.